IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW STEPHEN DRAZDIK, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil No. 20-1143 |
| | ) |
| **SECRETARYOF EDUCATION, et al.** | ) |
| | ) |
| **Defendants.** | ) |

**OPINION and ORDER**

Andrew Stephen Drazdik, Jr., proceeding pro se, commenced this action on July 31, 2020, naming as Defendants the U.S. Secretary of Education, the University of Pittsburgh Office of University Counsel, the Pennsylvania Office of Compensation and Work Conditions, the U.S. Department of Labor, the Pennsylvania State Board of Education, the Japan Office of Environmental Information, Keizai Doyukai (the Japan Association of Corporate Executives), and the Tokyo Metropolitan Industrial Bureau of Labor Employment.  ECF No. 1.  Mr. Drazdik has filed additional information, apparently in support of his Complaint.  ECF Nos. 2 & 5.  On September 4, 2020, he also filed a Motion for Summary Judgment, with exhibits.  ECF No. 6.  Said Motion is premature as service of process on defendants has not been filed on the docket, no answers have been filed, and no discovery has been taken.  For the reasons explained below, the Court will deny the Motion for Summary Judgment and dismiss this action with prejudice,

   **I.     Background**

The instant Complaint follows this Court's June 11, 2020 dismissal with prejudice of Mr. Drazdik's similar Complaint filed at Civil Action No. 20-549.  Drazdik v. Dept. of Educ., Civ. No. 20-549, Mem. Op. and Order, June 11, 2020, ECF No. 7.  The Court dismissed that case

after providing Mr. Drazdik with two opportunities to file an amended complaint that complied with Federal Rule of Civil Procedure Rule 8.  <u>See</u> Civ. No. 20-59, Op. and Order, Apr. 28. 2020, ECF No. 3, and Mem. Order, May 7, 2020, ECF No. 5.  This Court explained in the Opinion dismissing the action:

> As was the case with the initial Complaint and Amended Complaint, the Second Amended Complaint does not set forth any coherent claim or claim for relief against any party.  It does not allege what harm was committed, who committed it, and when or where the alleged conduct occurred.  The Second Amended Complaint and the nine attached Exhibits refer to seemingly random statutes and rules with no coherent factual narrative.  As was the case with the prior complaints, the Second Amended Complaint is devoid of any sound factual or legal basis to infer or assume that any person or entity committed an actionable wrong against Mr. Drazdik.

Civ. No. 20-549, ECF No. 7, at 2.  A comparison of the instant Complaint with the Second Amended Complaint filed at Civil Action No. 20-549, reveals sufficient similarity to conclude that the instant Complaint, in part, is an attempt to revive whatever claims Mr. Drazdik intended to bring in his prior action.  The instant Complaint also includes barely discernible complaints about events associated with an internship in Japan, connected with the University of Pittsburgh, and possibly involving a federal grant.[1]  The alleged events appear to have occurred as early as 1996 and ending no later than 1999.

**II.     Discussion**

The Complaint in this case is properly dismissed for failure to comply with Federal Rule of Civil Procedure 8.  To the extent Mr. Drazdik is attempting to reassert claims from Civil Action No. 20-549, such claims were dismissed with prejudice and cannot be reasserted in a new complaint.  Finally, to the extent that Mr. Drazdik's present claims occurred no later than 1999,

---

[1]  Language in Mr. Drazdik's complaints filed at Civ. No. 20-549 also referred to Japan and the University of Pittsburgh.  Here, Mr. Drazdik provides more details about apparently similar events.

such claims, filed over twenty years after the alleged events, are beyond any imaginable applicable statute of limitations and must be dismissed.

As was the case with Civil Action No. 20-549, Mr. Drazdik's present Complaint, including his exhibits and additional filings, refer to seemingly random federal, state, and foreign statutes and rules from different jurisdictions with no coherent factual narrative.  And, as was the case with the Second Amended Complaint filed at Civil Action No. 20-549, the filings in the present action are devoid of any sound factual or legal basis to infer or assume that any person or entity committed an actionable wrong against Mr. Drazdik.  As such, the Complaint in this case is properly dismissed for failing to comply with Rule 8.  Roy v. Supreme Court of United States of America., 484 F.App'x 700, 700 (3d Cir.2012) (agreeing with District Court that the complaint was incomprehensible and failed to comply with Rule 8).

A sampling of the Complaint will be set forth as indicative of Mr. Drazdik's filings in general.  Under the heading "Allegations," the Complaint, in part, states:

> Under the Constitutional laws during the scope of performing federal grant when the defendant as contractor [41 USC 7101(7)] involved by staff and corporate policy of the University of Pittsburgh received electronic correspondence from the Kao Corporation a public corporation within the jurisdiction of Japan per the agreement of parties at the time of the performance. The grant officer Mr. Jonathan Wolff for the Japan Science and Technology Management Program of the University of Pittsburgh was a responsible party for discerning misrepresentation of fact [41 USC 7101(9)]. Fiscal years 1996, 1997, 1998

> Elements of the performance as non items of the component that were expected as a research report on industrial political science and management communication studies included a negotiated cultural visa with the Government of Japan. The legal rights of Mr. Jonathan Wolff should have been understood by Dr. Hiroshi Nara Ph.D. with students from the College of Arts and Sciences by provost and indemnification involved a separate visiting student by agreement with Ritsumeikan University, of Kyoto Japan Mr. Charles Constantine in the fiscal year of 1997.

Compl. at 2.  Mr. Drazdik further states that "a cooperating foreign principle Mr. Haruya Kato P.E. (Chemistry) conducted an interview in the fiscal year of 1998 at The Andrew Jergens Company for Japanese internship compliance in Tokyo according to Japanese labor laws, and the legal financial right of The Andrew Jergens Company as corporate executive officer by power of attorney of surety financial guarantees under common control [26 USC 414(c)]." Id. at 3.  Seemingly unrelated to the bulk of the events alleged, or referred to, in the Complaint, Mr. Drazdik also includes the following allegation:

> Mr. Charles Constantine, a graduate of the University of Pittsburgh College of Arts and Sciences, had received a job as a Japanese language teacher in the State of Hawaii and had reported a suspicious female person in confidence to me via telephone in Cincinnati Ohio that in context from Las Vegas Nevada who contacted Mr. Constantine via electronic correspondence in Hawaii under the governance of the Hawaii Board of Education as a state authority of education in the fiscal year of 1998, and 1999. Given this issue additional evidence from the registrar of University of Mercyhurst (1991), and graduate diploma of Slippery Rock University (1995) was claimed by the human resource office of The Andrew Jergens Company.

Id. at 4.  The Complaint also refers to the following legal sources (among many others): the "Racial, Religious, National Origin Discrimination 42 U.S. Code Section 2000d et. Seq," the Social Security Act, the attorney client privilege, and the Inspector General Act 1978.  Finally, assuming that a claim against a proper defendant is stated, there appears to be no basis upon which this Court could provide Mr. Drazdik with his requested relief, not to mention that the requested relief is stated in a confusing and incomprehensible manner.  He requests relief in the form of mandamus and asks this Court:

> (1) to Order the University of Pittsburgh General Counsel to acknowledge their legal liability for Dr. Hiroshi Nara Ph.D. and Dr. Keith Brown Ph.D. under the corporate policies and protections of their legal Constitutional rights.
>
> (2) to Order the University of Pittsburgh General Counsel to acknowledge the mutual concern for standards of education, staff, and welfare of students with

      the Office of Chancellor under the corporate policies and protections of their legal Constitutional rights.

(3) to Order the University of Pittsburgh General Counsel to produce legal correspondence from the time that the government grant of the U.S. Air Force Office of Scientific Research performed in the fiscal years of 1996, 1997, and 1998 that the Secretary of Education, and or Inspector General of the Department of Education released and or communicated concerning the health, safety, and welfare of persons in Western Pennsylvania or the Southern Ohio districts of the U.S. Courts that cooperation under Constitutional right should be provided state authorities, and could abridge legal capital rights in The Andrew Jergens Company in year 1998; and

(4) to Order the Secretary of Education to admit to the jurisdiction of the U.S. District courts when copyright (28 USC 1338) letters of concern to the Kao Corporation Legal Compliance Office, and Kao Corporation Investor Relations protected mutually by laws of copyright under Convention by law, and jurisdiction respectively, $400.00 in damages claim to file this writ of mandamus as injury by federal laws.

Compl. at 6-7.

While Mr. Drazdik has presented the impression of a claim in his Complaint, it is just that, an impression without a sufficient factual basis to allow the Court to determine a viable cause of action. Despite identifying a multitude of defendants and providing hints that some of the defendants, and others, were actors in events occurring in the late 1990's, the Complaint does not specify the specific conduct, actions, or incidents on which any alleged claim against any party is based. The Court has no doubt that Mr. Drazdik is aware of how he was wronged and is aware of the events that occurred and who did what to whom, but the Complaint he has filed simply does not contain a coherent factual narrative. The Complaint is devoid of any sound basis to infer or assume that any of the named defendants committed an actionable wrong against Mr. Drizdak. Finally, the relief requested by Mr. Drazdik, besides being incomprehensible and likely beyond the power of this Court to grant, is directed at only two defendants: the University of Pittsburgh General Counsel and the Secretary of Education.

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."  Fed.R.Civ.P. 8(a)(1), (2), and (3).  The instant Complaint does not provide the information required by Rule 8.  A Complaint that contains no discernible facts or narrative explaining the events giving rise to the complaint, and that fails to comply with Rule 8, is properly dismissed.  Roy v. Supreme Court of United States of America., 484 F.App'x 700, 700 (3d Cir.2012) (agreeing with District Court that the complaint was incomprehensible and failed to comply with Rule 8).  In fact, Mr. Drizdak's Complaint is not capable of being evaluated as to whether it states a claim under Rule 8.  It clearly does not pass "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  Accordingly, the Complaint must be dismissed.

In addition, as stated above, to the extent any alleged claim in the present action is a reassertion of any claim dismissed with prejudice in Civil Action No. 20-549, such claims are dismissed as Mr. Drizdak is not permitted to reassert claims this Court has previously dismissed with prejudice.  To the extent the events forming the basis for any alleged claim occurred no later than 1998, whether the claim sounds in tort, contract, or any other civil cause of action, such claims are dismissed as being beyond any applicable statute of limitations.

Finally, the Court must consider whether to grant leave to amend the complaint before dismissal.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment."  Id.  Here, in light of  Mr. Drizdak's similar allegations asserted in Civil Action No. 20-549, the incoherence of the present Complaint, the fact that the statute of limitations has

run on any claim asserted, and the likely inability of the Court to grant the requested relief, granting Mr. Drizdak leave to amend the Complaint would be futile.

Accordingly, the following order is hereby entered.

## **ORDER**

AND NOW, this ___ day of September, 2020, for the reasons set forth above, IT IS ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 6) is **DENIED** and Plaintiff's Complaint is hereby **DISMISSED** with prejudice. The Clerk of Court shall mark the case closed.

BY THE COURT:

_____
Marilyn J. Horan
United States District Court Judge

cc: Andrew Stephen Drazdik, Jr., pro se
313 SUNVIEW AVE
JEANETTE, PA 15644